# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SARAH MULLINS,**

**Plaintiff,**

-vs-                                        **Case No.  6:05-cv-1779-Orl-31JGG**

**DIRECT WIRELESS, INC.,**

**Defendant.**

_____

# ORDER

The Plaintiff, Sarah Mullins ("Mullins") sued Direct Wireless, Inc. (""DWI"), alleging that

she was discriminated against on the basis of her pregnancy in violation of the Florida Civil Rights

Act, Florida Statute chapter 760 ("FCRA") (Count 1) and Title VII of the Civil Rights Act, 42

U.S.C. section 2000e, *et. seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. section

2000e(k) (Count II).  (Doc. 1).  DWI has moved for a judgment on the pleadings under Federal

Rule of Civil Procedure 12(c), arguing that there is no cause of action for pregnancy discrimination

under FCRA.  (Doc. 16 at 8-9).[1]  For the reasons discussed in DWI's Motion, as well as the

authorities cited therein, the Court finds that Count I of Mullins' Complaint must be dismissed

because pregnancy discrimination is not a basis for relief under FCRA.[2]  Accordingly, it is

---

[1] Mullins filed a Response.  (Doc. 17).

[2] *See Fernandez v. Copperleaf Golf Club Cmty. Ass'n, Inc.*, 2005 WL 2277591 (M.D. Fla. Sept. 19, 2005) ("[P]regnancy discrimination is not prohibited by the Florida Civil Rights Act and therefore the state statute provides no remedy for pregnancy discrimination."); *Dragotto v. Savings Oil Co.*, Case No. 8:04-cv-734-T-30TGW (M.D. Fla. June 25, 2004) ("FCRA does not provide a cause of action for pregnancy-based discrimination.  The legislature's failure to include language similar to

**ORDERED THAT** DWI's Motion (Doc. 16) is GRANTED.  Count I of Mullins'

Complaint is dismissed.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 10, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

the [Pregnancy Discrimination Act] when it enacted the FCRA after the *O'Loughlin* decision is a strong indication that it did not intend to include pregnancy-based discrimination in the FCRA."); *Frazier v. T-Mobile USA, Inc.*, Case No. 3:03-cv-764-J-20MMH (M.D. Fla. Nov. 4, 2003) ("In 1992, Florida reenacted the Florida Human Rights Act, renaming it the Florida Civil Rights Act (FCRA) and using the same language as its predecessor, without the language found in the federal PDA. . . . FCRA does not provide for a claim of pregnancy-based discrimination."); *Walsh v. Food Supply, Inc.*, 1997 WL 401594 at *2 (M.D. Fla. Mar. 19, 1997) ("Even if Title VII did not preempt claims for pregnancy-based employment discrimination under Florida law, the court finds that pregnancy is not a "handicap" within the meaning of chapter 760.10(1)(a) of the FCRA . . . .").